**BENEFICIAL FINANCE COMPANY,**
Appellant,

v.

**Samuel S. YOUNG and Margie P. Young, husband and wife,**
Appellees.

**No. 50307.**

Supreme Court of Oklahoma.

April 15, 1980.

**1358**

Bryce A. Baggett, Oklahoma City, and W. Wayne Moss, Lawton, for appellant.

J. W. Doolin, Newcombe & Redman, Lawton, for appellees.

BARNES, Justice:

In March of 1973, Samuel and Margie Young, husband and wife, obtained a consolidation loan from Beneficial Finance Company in Lawton, Oklahoma. The principal amount of the debt was $3,359.44. The total amount of the note signed by the parties, which included interest and other charges including credit life insurance, was $4,494.00.

Under the terms of the agreement, the note was to be paid over a three-year period, and the Youngs were to make monthly installment payments. The Youngs began having difficulty making their installment payments, and Beneficial Finance Company, recognizing their difficulty, entered into an agreement which would permit the Youngs to make installment payments of approximately half the usual amount for a six-months period, in order to give them time to straighten out their affairs.

Shortly after this agreement was entered into, the Youngs ceased making payments and were thus in default. Beneficial Finance, using self-help, repossessed some of the collateral which secured the debt—a 1972 Plymouth Fury automobile, and two television sets. Both the car and the television sets were sold; the amount realized at the sales was not, however, sufficient to pay the debt.

Beneficial Finance instituted an action against the Youngs seeking a deficiency judgment. The Youngs filed a general denial and by way of cross-claim alleged that Beneficial Finance was guilty of wrongful repossession (conversion) and wrongful disposition of the collateral. Based upon these allegations, the Youngs prayed for $2,000.00 actual damages and $40,000.00 punitive damages. The case was tried to a jury, and the jury returned a verdict in favor of the Youngs, awarding them $500.00 actual dam-

ages and $10,000.00 punitive damages. Beneficial Finance filed a motion for new trial, and the trial court denied the motion. Beneficial now appeals from the trial court's refusal to grant a new trial.

On appeal, and in the motion for new trial, Beneficial attacks the sufficiency of the evidence with respect to both actual and punitive damages, and the instruction of the trial court dealing with Beneficial's right to a deficiency judgment. We will first discuss Beneficial's right to a deficiency judgment.

**I.**

In instructing the jury on Beneficial's right to a deficiency judgment, the trial court, in Instruction 10, stated as follows:

"You are instructed that if you find that the Plaintiff failed to give reasonable notice to the Defendants of the sale of the personal property taken by the Plaintiff, then the Plaintiff is barred from recovering a judgment against the Defendants."

Beneficial attacks this instruction on two grounds. First, Beneficial argues that the "notification" requirements of 12A O.S. 1971, § 9–504(3), require that notice be *sent*, and that the court's use of the word "give", rather than "sent", was misleading, as "give" implies that *receipt* of the notice is controlling.

Secondly, Beneficial argues that even if proper notification were not sent, such a failure does not deprive a creditor of the right to obtain a deficiency judgment, but, rather, such a failure makes the creditor responsible for any damages which may have occurred because of his failure.

■ Although we agree with Beneficial's position that the controlling factor with respect to the notification requirements is that the notification be *sent* and not *received*, we need not consider whether the trial court's use of the word "give", as opposed to "sent", was prejudicial, as we find that the instruction as a whole was in error and prejudicial on other grounds.

In the case before us, Beneficial's manager testified that the required notice of its sale of the automobile was sent to the Youngs, and a copy of the notice that was sent was introduced and made a part of the record. Both of the Youngs denied having received the notice that was sent. However, the manager testified that they inadvertently neglected to send notice of the pending sale of the two television sets repossessed. The question raised in the trial court and on appeal is whether Beneficial's failure to comply with the notification provision of the Uniform Commercial Code deprived it of a right to obtain a deficiency judgment. This is a question of first impression in Oklahoma, and in determining it we note that jurisdictions are split on this issue.[1] While some courts have taken the view that the creditor's failure to give the required notice constitutes an absolute bar to the recovery of a deficiency judgment,[2] other cases do not absolutely preclude recovery of a deficiency judgment where the requisite notice has not been given; rather, they limit the right to recovery under certain circumstances.[3]

After examining all of Part 5 of Article 9 of the Uniform Commercial Code (Sections 9–501 through 9–507), we conclude that the intent of the Code, in requiring notification, was to protect the debtor, not punish the creditor. The Code specifically provides for the protection of the debtor at Section 9–507(1). That Section provides in part:

> " * * * If the disposition has occurred the debtor or any person entitled to notification or whose security interest has been made known to the secured party prior to the disposition has a right to recover from the secured party any loss caused by a failure to comply with the provisions of this Part."

By enacting the above quoted language, the drafters of the Code provided for the protection of the debtor in case of noncompliance. If the noncompliance results in damage to the debtor, the debtor has a right to recover for such damage. We think this provision of the Code adequately protects debtors. To hold that noncompliance deprived creditors of their right to a deficiency judgment would not only protect the debtor, but it would also penalize the creditor. In light of the fact that the sale of collateral is necessitated by the fault of the debtor, we hold that the punishment of creditors for noncompliance with the provisions of Part 5 of Article 9 would be unjustified, in the absence of malice, fraud, or oppression. As we noted in *Davidson v. First State Bank & Trust Company, Yale,* Okl., 559 P.2d 1228 (1977), Title 12A O.S. 1971, § 1–106, provides that exemplary damages may *not* be had except as specifically provided in the Code or by other rules of law. As the Uniform Commercial Code does not explicitly provide for punitive damages for noncompliance, we cannot say that failure to comply with the provisions of Part 5 of Article 9 requires forfeiture of the right to a deficiency judgment, because such a forfeiture would be punitive in nature. In so holding, we would note that our opinion in *Davidson v. First State Bank & Trust Company, Yale, supra,* implies that mortgagees who failed to comply with default provisions of the Code are not entitled to a deficiency judgment. In the last grammatical paragraph on page 1231 of the opinion, immediately following footnote 7, is the following sentence: "In other words the mortgagee is not entitled to a deficiency judgment.[8]" This sentence, together with footnote 8, referring to it, was stricken from the opinion on rehearing, in a modification order issued by this Court on Febru-

**1.** See generally Uniform Commercial Code: Failure of Secured Creditor to Give Required Notice of Disposition of Collateral as Bar to Deficiency Judgment, 59 A.L.R.3d 401 (1974).

**2.** E. g., *Atlas Thrift Company v. Horan,* 27 Cal.App.3d 999, 104 Cal.Rptr. 315 (1972); *Leasco Data Processing Equipment Corp. v. Atlas Shirt Company,* 66 Misc.2d 1089, 323 N.Y.S.2d 13 (Civ.Ct.1971); *Braswell v. American Nat'l Bank,* 117 Ga.App. 699, 161 S.E.2d 420 (1968); *Foundation Discounts, Inc. v. Serna,* 81 N.M. 474, 468 P.2d 875 (1970).

**3.** E. g., *Community Management Asso. v. Tousley,* 32 Colo.App. 33, 505 P.2d 1314 (1973); *Grant County Tractor Co. v. Nuss,* 6 Wash. App. 866, 496 P.2d 966 (1972).

ary 7, 1977. Although this order was received by West Publishing Company, through inadvertence the sentence and footnote were not deleted, as ordered. This being the case, we feel it necessary to overrule *Davidson* insofar as it suggests that mortgagees who fail to comply with the provisions of Part 5 of Article 9 are not entitled to a deficiency judgment. We would, however, point out that it was never the ruling of this Court that mortgagees in such a position are not entitled to a deficiency judgment. Our decision in *Davidson v. First State Bank and Trust Company, Yale*, Okl., 559 P.2d 1228 (1977), has been republished with appropriate modifications and may be found at 609 P.2d 1259.

Accordingly, we hold that the trial court erred in instructing the jury that if they found that no notice of a sale had been given, Beneficial was not entitled to a deficiency judgment.

## II.

That is not to say, however, that noncompliance with the provisions of Part 5 could not result in the imposition of punitive damages under non-code law. As we noted in *Davidson v. First State Bank & Trust Company, Yale, supra*, numerous cases, not decided under the UCC, have awarded punitive damages for actions involved in repossession of collateral where aspects of malice, fraud, or oppression are shown. In the case before us, the jury entered a judgment for punitive damages, and that judgment has been attacked on appeal, upon the grounds that the evidence did not support the imposition of punitive damages, because none of the evidence showed Beneficial Finance to be guilty of malice, fraud, or oppression. An examination of the record supports Appellant's contention.

█ Although the testimony with respect to the repossession of the automobile was conflicting, the evidence most favorable to the Youngs showed no malice, fraud, or oppression on the part of Beneficial Finance. According to that favorable testimony, Beneficial's agent knocked on the door, which was answered by Mrs. Young. The agent explained that he was there to repossess the car and asked for the keys.

When Mrs. Young indicated that it was her only car and that she needed it to get back and forth, Beneficial's agent indicated that if the keys were not given to him, he would have to tow the car away. Mrs. Young gave him the keys and the agent proceeded to the car, which was parked a half a block away from the Young's house (Beneficial's agent testified that the car was some six blocks away). Finding that the car was out of gas, the agent was about to depart when Mrs. Young approached, indicating that she had possessions in the back seat and trunk of the automobile. The agent indicated that he did not have a key to the trunk, and Mrs. Young said she had one, but did not have it with her. At this point, Mrs. Young was allowed to remove the goods from the back seat and take them home. When she returned with the key to the trunk, the car had already been taken away.

The undisputed testimony was that Beneficial never had a key to the trunk of the automobile and that Mrs. Young made no attempt to obtain her belongings in the trunk from Beneficial until long after the car was sold. The undisputed evidence indicated that the sale of the car was conducted in a commercially reasonable manner. Beneficial advertised the car, seeking bids, and sold the car to the highest bidder. The undisputed evidence also indicated that notice of the sale was *sent* to the Youngs at their correct address, although, as mentioned above, the Youngs denied receiving the notice. There was conflicting evidence as to the condition and value of the car. The price realized (although less than the value put on the car by the Youngs) was not alone sufficient to suggest that the sale was conducted in a commercially unreasonable manner, nor did the record indicate that Beneficial, in repossessing the car, acted in a willful, malicious, or wanton manner.

Similarly, the action taken by Beneficial in repossessing the television sets was not willful, wanton, or malicious. The televisions were repossessed from Mr. Young. Beneficial's agent entered Mr. Young's home, with the aid of his landlady (more precisely his landlady's sister), and informed

Mr. Young that he was there to repossess the television sets. Mr. Young inquired as to how he could do that, and Beneficial's agent told him that he was ordered to do so because Mr. Young was in default, and that if the televisions were not voluntarily given, Beneficial would have to go through the Sheriff's office to obtain the television sets, and at that point the television sets were taken. There was conflicting testimony as to the condition of the television sets. Beneficial's manager testified that they advertised the televisions and sought bids on them, and that the few people who came to view the television sets made no bids. Eventually, the sets were sold at $10.00 each to a television repair man, who bought them for their parts. However, Beneficial admitted that it had inadvertently neglected to send notice of the sale to the Youngs. This failure to give notice, of course, made Beneficial responsible for any damage caused by its failure, because Beneficial's failure to send the notice deprived the Youngs of their right of redemption. Yet, neither this failure to send the required notice, nor the actions taken by Beneficial in repossessing the televisions, constituted willful, wanton, or malicious acts. Thus, although Beneficial must bear the full burden of its failure to send notice by being liable for all actual damages caused, it is not liable for any punitive damages.

■ In so holding, we note that the Youngs argued that Beneficial's statements that they would tow the car away and would have to go through the Sheriff's office to get the television sets could be viewed as oppressive threats. We hold that they cannot properly be viewed in that light. Beneficial, under its right to peacefully repossess, had the option of towing the automobile away. Similarly, if the televisions could not be repossessed through self-help, Beneficial had a legal right to proceed through the courts to obtain the Sheriff's aid in repossessing the television sets. Beneficial's indication that it would exercise these legal options cannot be viewed as oppressive behavior. The Legislature vested creditors with such rights, and we hold that creditors are free to inform debtors that they will exercise such rights.

Additionally, the Youngs argued that it was possible for the jury to have inferred from their testimony that Beneficial's agent trespassed upon their property in repossessing the television sets, thus breaching the peace. Both the evidence offered by the Youngs, and the allegations in their petition indicate that Beneficial's agent entered the premises with the aid of the Young's landlady (more precisely the landlady's sister), but no evidence was introduced as to how the agent obtained the landlady's help, nor was the issue of trespass raised in the case—the jury was not instructed with respect to trespass, the landlady's right to enter, nor the creditor's right to enter the premises. This being the case, we cannot accept the Appellees' argument.

As none of the acts on behalf of Beneficial were willful, wanton, or malicious, we hold that the trial court erred in submitting the issue of punitive damages to the jury. We therefore reverse the judgment below insofar as it awarded punitive damages.

### III.

■ We do not, however, find any grounds for reversing the $500.00 judgment for actual damages. The Youngs, because of Beneficial's failure to send notice of the sale of the televisions, were deprived of their opportunity to redeem the television sets, and, as indicated before, there was conflicting testimony as to the value of the sets at the time they were repossessed. Additionally, there was sufficient evidence before the jury to indicate that the items left in the trunk of the car had substantial value. This being the case, a judgment in the amount of $500.00 was not excessive.

For the above stated reasons, we affirm the judgment of the trial court insofar as it awarded a judgment of $500.00 for actual damages in favor of the Youngs, and reverse the judgment of the trial court with respect to punitive damages and Beneficial's right to a deficiency judgment. Further, we remand the case to the trial court with instructions to deduct the amount of the judgment in favor of the Youngs from the amount of the deficiency judgment that

Beneficial was entitled to, and to enter judgment in favor of Beneficial in that amount.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH IN-STRUCTIONS.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, SIMMS, HARGRAVE and OPALA, JJ., concur.