**FIRST STATE BANK OF OILTON, Appellee,**

v.

**Lyle PERRYMAN, d/b/a Perryman Truck & Supply, Appellant.**

**No. 66057.**

Court of Appeals of Oklahoma, Division No. 2.

Nov. 17, 1987.

Don I. Nelson, Mannford, Stephen H. Foster, Bristow, for appellee.

Wesley R. Thompson, Sapulpa, for appellant.

MEANS, Presiding Judge.

Defendant appeals from the trial court's order in this action based on the default of a note and subsequent sale of the dump truck which secured the note as collateral. Having reviewed the record and applicable law, we affirm.

On January 12, 1983, Plaintiff and Defendant executed a single payment note and security agreement. Defendant borrowed $16,000 from Plaintiff for the purchase of a 1972 dump truck. The note was secured by the dump truck and was due on or before July 11, 1983. When Defendant defaulted on the note, Plaintiff repossessed the collateral. With Defendant's permis-

sion, Plaintiff went to Defendant's place of business on January 15, 1985, to remove the dump truck. At that time Plaintiff had to have the truck towed because it was inoperable. In February 1985, Plaintiff brought this lawsuit seeking the amount owed on the note, plus interest, attorney's fees, and costs.

During the next few months Plaintiff had the truck repaired and made several attempts to sell the dump truck. On April 19, 1985, Plaintiff issued a notice of public sale for the dump truck and several other items. The notice stated that these items would be sold at a public auction to be held on May 2, 1985. It is undisputed that Defendant received proper notice of this sale and in fact actually attended the sale.

Although Defendant was present at the sale, he did not bid on the dump truck. Defendant was asked if he intended to bid on the truck and he responded that he did not have the money. Plaintiff received no bids on the truck that day and instead sold it on May 15, 1985, for less than $6,000 to a buyer who had not attended the auction.

At trial in December 1985, Defendant argued that Plaintiff was not entitled to a deficiency judgment because the sale was not conducted in a commercially reasonable manner. Defendant's argument basically concerned his premise that the sale of the collateral occurred on May 15, and that he was not given proper notice of the sale. He also complained that the price received for the truck was too low, contending in his testimony that the truck was worth at least $12,000. After hearing evidence and reviewing the arguments presented by the parties, the court entered judgment for Plaintiff in the amount of the deficiency. Defendant has appealed.

■ On appeal to this court, Defendant once again argues that Plaintiff was not entitled to a deficiency judgment because the sale was not conducted in a commercially reasonable manner. In support of his assertion, Defendant cites *Beneficial Finance Co. v. Young*, 612 P.2d 1357 (Okla. 1980). *Beneficial Finance*, however, held that a creditor was not precluded from seeking a deficiency judgment even when

the creditor had sent no notice of the sale of the collateral. *Beneficial Finance* thus overruled language in *Davidson v. First Bank and Trust Co.*, 559 P.2d 1228 (Okla. 1976), *modified*, 609 P.2d 1259 (Okla.1977), which would have supported Defendant's contention. The law subsequent to *Beneficial Finance* does not preclude a creditor from seeking a deficiency judgment even in the face of noncompliance with the provisions of Article 9 of the Commercial Code. Failure to give notice does, however, subject the creditor to liability for any damages caused by this failure. *Beneficial Finance*, 612 P.2d at 1360–61. Unlike the debtors in *Beneficial Finance* who were deprived of their right to redeem some of their property, Defendant received notice of the sale and was even present when it occurred. He has never asserted that he would have purchased the dump truck at the sale, and in fact admitted that he did not intend to bid on the truck.

■ Defendant's argument that the sale was not conducted in a commercially reasonable manner is also unavailing. Defendant admits that he had notice of the proposed sale. In a private sale, such as the one which finally occurred, "all that is required is reasonable notification of the time after which any sale or other intended disposition is to be made." *First National Bank and Trust Company of Enid v. Holston*, 559 P.2d 440, 444 (Okla.1976) (footnote omitted). Defendant received notice of the public sale in accordance with the statute. This notice was obviously a reasonable notification that any sale or proper disposition would occur after this time. Defendant did not bid on the dump truck and informed Plaintiff personally that he did not intend to bid. As far as the price received, the "reasonableness of sale of collateral by the secured party is determined by the manner in which the sale is conducted, not by the price ultimately received for the collateral." *Id.* (footnote omitted).

The trial court's finding that the sale was conducted in a commercially reasonable

manner is supported by the law and the evidence. The judgment is affirmed.

BACON and REIF, JJ., concur.