## CIRCUIT COURT OF THE CITY OF ROANOKE

First Virginia Bank - Southwest

v.

John W. Richardson

June 15, 1988

Case No. CL86000782

By JUDGE CLIFFORD R. WECKSTEIN

Subsequent to a bench trial on May 11, 1988, Mr. Cornelison filed a letter-memorandum of authorities on May 18, 1988; Mr. Kennett filed a brief on May 24, 1988; and Mr. Cornelison filed his memorandum in response on June 3, 1988. Oral argument was scheduled for June 12, 1988. At that time, the Court could not hear the argument, due to a jury trial in progress. I am now advised that both parties, through their attorneys, desire to have me decide the case on the evidence heard on May 11 and the arguments and authorities advanced on brief, without further oral argument.

Upon consideration of the evidence and the authorities advanced, the court reaches the following conclusions.

1. The notice provisions of Virginia Code § 8.9-504(3) are applicable to the case at bar and were not waived by the defendant.

2. Failure to give such notice does not bar the plaintiff from receiving a deficiency judgment in this case. Rather, such failure shifts to the plaintiff the burden to prove that the sales conducted were commercially reasonable and resulted in the fair and reasonable value of the security being credited to the defendant's debt. *See, Beneficial Co. v. Young*, 612 P.2d 1357 (Okla. 1980);

*Hall v. Owen County State Bank*, 370 N.E.2d 918 (Ind. App. 1977); *Grant County Tractor Co. v. Nuss*, 6 Wash. App. 496 P.2d 966 (1972); *Conti Causeway Ford v. Jarossy*, 114 N.J. Super. 382, 276 A.2d 402, *affirmed*, 118 N.J. Super. 521, 288 A.2d 872 (1971); *Norton v. National Bank of Commerce*, 214 Ark. 143, 398 S.W. 2d 538 (1966). While the Court recognizes that there is no Virginia decision on point, I am satisfied, from a review of the decided authorities and consideration of the Uniform Commercial Code as adopted in Virginia, that this decision is consistent with the intent and operation of the Uniform Commercial Code, and that a rule which would automatically and arbitrarily provide that failure to give notice acts as an absolute bar to the recovery of a deficiency is inconsistent with the U.C.C. *In re Bishop*, 482 F.2d 381 (4th Cir. 1973), applying Virginia law, "[i]n the absence of a definitive ruling by the Supreme Court of Virginia, *id*. at 385, does not conclude that compliance with the notice requirements of § 8.9-507 is a condition precedent to recovery of a deficiency judgment. *Bishop* may be, as the plaintiff contends, no more than a case dealing with standards of appellate review. At most, *Bishop* holds only that the trial court did not err in concluding that a creditor "was barred from recovering a deficiency judgment *because it disposed of the collateral in a manner not permitted by the code*; that a creditor who has not complied with the law has the burden of proving by other evidence that the market value is less than the balance due." *Id*. at 385-86 (emphasis added).

3. The defendant bank has met its burdens of proof in this case, including the burdens of demonstrating that the sale of collateral was commercially reasonable, that the market value of the collateral was less than the balance due, and that the defendant received the credit to which he was entitled.

The balance due before application of the sale proceeds was $29,667.64. Therefore, after deduction of the $8,000 received from sale of the two vehicles, the balance owed by the defendant was $21,667.64. Judgment will be entered for the plaintiff in that amount, with interest at the contract rate of 18% and attorney's fees as provided in the note in the amount of 20% of the unpaid balance.