Robert C. BURDICK and Debra L. Burdick, Plaintiffs–Appellees,

v.

Thomas R. TUCKER and Susan K. Tucker, Defendants–Appellants,

and

Robert J. Safranek, Attorney for Defendants, Appellant.

No. 87CA0857.

Colorado Court of Appeals, Div. V.

May 25, 1989.

Rehearing Denied Aug. 10, 1989.

Kraemer, Kendall & Bowman, P.C., Maria Oldendorf, Colorado Springs, for plaintiffs-appellees.

Robert J. Safranek and Larry W. Schmeiser, Limon, for defendants-appellants.

PLANK, Judge.

Thomas R. and Susan K. Tucker (defendants) appeal the judgment of the trial court finding them liable on a promissory note in the sum of $31,408.08. The defendants and Robert J. Safranek, the defendants' attorney, also appeal the portion of the judgment entered against them in the amount of $10,362.50 for advocating non-meritorious defenses and counterclaims. We reverse and remand.

Robert C. and Debra L. Burdick (plaintiffs) commenced this action on defendants' secured promissory note in the principal sum of $20,000. This promissory note was executed in connection with defendants' purchase of plaintiffs' beauty salon business.

On November 21, 1985, oral notice was given by the defendants that they were returning the beauty salon business to the plaintiffs. On November 26, 1985, a written statement was given to the plaintiffs by the defendants to "start moving or sell the equipment, supplies, etc...." of the beauty salon as of that date. The plaintiffs declared a default under the provisions set forth in the security agreement, proceeded to dispose of the collateral, and subsequently commenced this suit for the unpaid balance on the promissory note.

Defendants raised the defenses of partial failure of consideration, re-delivery of the business in complete satisfaction of the indebtedness, failure to give notice of the impending sale of the collateral, failure to dispose of collateral in a commercially reasonable manner, and failure to account for and credit disposition of collateral. The defendants also counterclaimed for breach of a covenant not to compete by plaintiff Debra Burdick and for her failure to work full time in defendants' business for one year after the date of purchase. The trial court entered judgment in favor of the plaintiffs and found the defendants' defenses and counterclaims to be frivolous and groundless. Pursuant to § 13–17–102, C.R.S. (1987 Repl.Vol. 6A), the trial court assessed the plaintiffs' attorney fees against the defendants and their attorney. From these rulings, the defendants and their attorney appeal.

I.

The defendants initially contend that the trial court erred in declaring that the defendants had defaulted under the terms of the security agreement. We disagree.

The security agreement provided that in the event of a business failure the defendants would be in default of the security agreement. Here, the evidence disclosed that when the plaintiffs sold their business, there were seven to eight operators working with an estimated clientele of 600. However, within one year, when the defendants returned the business to the plaintiffs, its clientele had decreased to 100 patrons and it employed only two operators. Additionally, the salon manager testified that the business had to cease operating because the defendants could not make financial ends meet. Under such circumstances, the trial court properly concluded that under the provisions set forth by the security agreement, the defendants were in default and the plaintiffs were entitled to proceed under Article 9 of the Colorado Uniform Commercial Code.

II.

The defendants next assert that the trial court erred in determining that the defendants had waived their right to receive

notice under § 4–9–504(3), C.R.S. (1988 Cum.Supp.). We agree.

Section 4–9–504(3), provides:

Unless collateral is perishable ... reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, *if he has not signed after default a statement renouncing or modifying his right to notification of sale.* (emphasis added)

■ The notice provisions of § 4–9–504(3) allow debtors facing a possible deficiency claim an opportunity to protect their interests and reduce their potential liability. The debtors may protect their interest either by paying the debt prior to sale and thereby redeeming the property, or by seeking out potential purchasers to assure that the sales price does not fall below its fair market value. *Colorado Leasing Corp. v. Borquez*, 738 P.2d 377 (Colo.App.1986); *First National Bank v. Cillessen*, 622 P.2d 598 (Colo.App.1980). Hence, once debtors are in default, the right to notice of the intended disposition of the secured collateral is one of the most important rights affording debtors protection of their interest in the secured collateral under the U.C.C. *Simmons Machine Co. v. M & M Brokerage, Inc.*, 409 So.2d 743 (Ala.1982). Accordingly, we hold that a post-default waiver by a debtor of his right to notice under § 4–9–504(3) can be made only when the debtor *knowingly* and *specifically* agrees to waive his right to such notice.

With this principle established, the dispositive issue here becomes whether the defendants effectively waived their right to receive notice of the impending disposition of collateral. We conclude that they did not.

On November 26, 1985, defendant Susan Tucker signed a written statement which stated that the plaintiffs could start moving or selling the equipment in the salon. By this written statement which gave the plaintiffs complete control of the security, the trial court determined that the defen-dants had effectively waived their right to notice of any sale. We disagree.

■ Waiver is the voluntary and intentional relinquishment of a known right. *Magliocco v. Olson*, 762 P.2d 681 (Colo. App.1987). The facts here are insufficient to constitute a waiver as the defendants' actions fail to show the specific intent which is required in order for the debtor to waive their right to receive notice under § 4–9–504(3). *See Gavin v. Washington Post Employees Federal Credit Union*, 397 A.2d 968 (D.C.Cir.1979); *Federal Deposit Insurance Corp. v. Farrar*, 231 N.W.2d 602 (Iowa 1975). As a result, we conclude that a request by a debtor that a creditor take the collateral and sell it does not constitute a waiver of the debtors' right to receive notice of the time and date of sale. *See FMA Financial Corp. v. Pro-Printers*, 590 P.2d 803 (Utah 1979). (emphasis added)

### III.

Defendants next contend that as the plaintiffs did not comply with the notice provisions of § 4–9–504(3), the trial court erred in entering a deficiency judgment. We agree.

■ The right of a secured party to a deficiency judgment is established by § 4–9–504(2), C.R.S. (1988 Cum.Supp.). However, if a secured party fails to give proper notice under § 4–9–504, a presumption arises that the value of the collateral at the time of its sale was equal to the amount of the outstanding debt, so that no deficiency results. *Colorado Leasing Corp. v. Borquez, supra.*

While such presumption is rebuttable, the secured party must establish the fair market value of the property through use of evidence other than the price received at the time of the sale. *First National Bank v. Cillessen, supra; Community Management Ass'n v. Tousley*, 32 Colo.App. 33, 505 P.2d 1314 (1973).

Here, the trial court stated that:

"The notice to the defendants of the sale of the collateral was sufficient, therefore

the court does not have to rule on whether or not the sales price of the collateral is equal to the deficiency."

However, as we have determined that the notice to the defendants was not proper under the U.C.C., the matter must be remanded for a finding as to whether the value received in the sale of the collateral ·equalled the fair market value.

### IV.

The defendants and their attorney contend that the trial court erred by finding them to be jointly and severally liable for the plaintiffs' attorney fees· for advocating non-meritorious defenses and counterclaims on behalf of his clients. We agree.

Section 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A) allows for the assessment of attorney fees against a party or attorney who brings an action which the court determines lacks substantial justification. "Lack of substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious. Section 13–17–102(4), C.R.S. (1987 Repl.Vol. 6A). A claim or defense is groundless if the allegations in the complaint are not supported by any credible evidence at trial. *Foley v. Phase One Development of Colorado, Inc.,* 775 P.2d 86 (Colo.App.1989).

In view of our holdings set forth in this opinion, we determine that the defenses and counterclaims asserted by the defendants and their attorney were not substantially frivolous or groundless. Hence, the trial court's order determining that the defendants and their attorney were jointly and severally liable for plaintiffs' attorney fees, pursuant to § 13–17–102(2), C.R.S. (1987 Repl.Vol. 6A) can not stand.

As the defendants did not waive their right to receive notice of the time and date of the sale of the collateral, the judgment awarding the plaintiffs $31,408.08 is reversed and this matter is remanded to the trial court to make findings of fact regarding the fair market value of the collateral sold. Further, the judgment is reversed as to the order awarding attorney fees pursuant to § 13–17–102, C.R.S. The remainder of the judgment is affirmed.

JONES and NEY, JJ., concur.