## In the Matter of Nancy R. BRITT, Debtor.

Bankruptcy No. 1–86–04183.

United States Bankruptcy Court, S.D. Ohio, W.D.

Oct. 13, 1987.

Robert A. Perez, Cincinnati, Ohio, for debtor.

John K. Hurd, Cincinnati, Ohio, for creditor.

William R. Schumacher, Trustee.

## ORDER

RANDALL J. NEWSOME,
Bankruptcy Judge.

This Chapter 13 case is before the Court pursuant to the Debtor's objection to the claim of Northside Bank & Trust Company ("Bank") for a deficiency judgment arising from repossession and sale of debtor's automobile.

There are two issues before the Court: 1) whether the sale of the debtor's motor vehicle was commercially reasonable and (2) whether the debtor was entitled to specific written notice of the sale.

The facts are undisputed, and may be summarized as follows: prior to the December 10, 1986 filing of the bankruptcy petition, the debtor owned a 1979 Mazda subject to an encumberance of approximately $2000 to the Northside Bank & Trust Company.

The debtor was unable to continue making payments on the vehicle to the Bank, and the debtor lacked the time and experience necessary to sell the vehicle. Therefore, the debtor, through her counsel, surrendered possession of the car to the Bank, and counsel requested that the Bank sell the vehicle for her.

According to the Bank's affidavits, it sold the car through its own bidding and sale procedure. The procedure involved advertising the vehicle in the classified section of The Cincinnati Enquirer and The Cincinnati Post on the Friday, Saturday and Sunday prior to the sale. The advertisement gave a brief description of the car and stated that the car would be sold to the highest bidder. Potential bidders could view the vehicle at a local storage facility and phone their bids into a bank officer. Prior to the final sale, the bank officer would call the lower bidders to inform them of the highest bid and give them a chance to increase their bids. At noon on Wednesday, the car was sold to the highest bidder.

Through this process, the bank received three bids on the vehicle in question. Ac-

cording to debtor's counsel, the vehicle at the time of the sale had an NADA Blue Book value of approximately $1900. The highest bid and the one accepted by the bank was for $650. This resulted in a deficiency of $1316.09. The Bank gave no notice to the debtor of the impending sale. Both parties also agree that the debtor did not sign any agreement rejecting or modifying the debtor's right to notice under the statute.

The debtor asserts that by failing to provide sufficient notice and by failing to sell the collateral in a commercially reasonable manner, both of which are required by statute, the Bank has forfeited its right to obtain a deficiency judgment against the debtor. The Bank counters that the requirements of notice under Ohio Revised Code § 1309.47(C) were met by actual notice to the debtor and, in the alternative, that notice was waived by debtor's request that the Bank sell the vehicle. In addition, the Bank argues that the sale of the vehicle was commercially reasonable since the procedure used included advertising the vehicle in two newspapers and using the bank's established bidding and sale procedure for disposing of repossessed vehicles.

The governing case law of the Sixth Circuit on what constitutes a commercially reasonable sale was set out in *Leasing Service Corporation v. First Tennessee Bank Nat'l Assoc.*, 826 F.2d 434, 438 (6th Cir.1987). The Court stated that for a commercially reasonable sale

> requires that the disposition of collateral be made in keeping with the prevailing trade practices among respectable and responsible business and commercial enterprises engaged in the same or similar business.

At 438.

The Court pointed out that commercial reasonableness is tested by the procedure used to conduct the sale and not by the proceeds obtained from the sale. *Id.*

█ Under the broad rule set out in *Leasing Service Corporation*, the procedure used by the Bank in the instant case to dispose of the debtor's vehicle falls within the parameters of what may be considered commercially reasonable. However, despite a finding that the Bank's procedure may technically be within the standard established in *Leasing Service Corporation*, the Court does not wish to endorse the Bank's procedures as an acceptable way of disposing of individual debtors' collateral. The Court believes that the creditor has a duty to establish a reasonable minimum bid requirement for sale of repossessed vehicles, since the current procedure does not have an inherent guarantee of an active bidding market.

Based on the governing Ohio law concerning disposition of collateral by a creditor, the creditor must do more than conduct the sale of collateral in a commercially reasonable manner. Ohio Rev. Code Ann. § 1309.47(C) The creditor must also comply with the notice requirement of § 1309.-47, which obligates the creditor to provide the debtor with reasonable notification of the time and place of any public sale or the time after which a private sale is to be made. *Id.*

█ This Court cannot agree with the Bank's contention that the debtor received actual notice or that the debtor's course of performance waived the right to notice. Section 1301.01(Y)(3) of the Ohio Revised Code states that a person has "notice" of a fact when "from all the facts and circumstances known to him at the time in question he has reason to know it exists." In the instant case, the Court does not believe that the debtor by merely surrendering her car to the Bank knew when the car would be sold. If the Bank had informed the debtor or her counsel of the date after which the car would be sold, the debtor could have exercised her right to redeem the collateral under § 1309.49 of the Ohio Revised code. Thus, the statutory notice requirement is more than a mere technical requirement; it also triggers the substantive right of redemption.

Furthermore, the Court does not accept the Bank's claim that the debtor waived her right to notice for two reasons. Ohio Rev. Code § 1309.47 provides only for a signed waiver by debtor renouncing or modifying the debtor's right to notice. The Bank does not claim to have obtained a

**516**

written waiver from the debtor in this case. Second, the debtor's course of performance in surrendering the collateral back to the Bank was not so unusual.

The Bank's failure to comply with the notice requirements of § 1309.47(C) acts as an absolute bar to the recovery of a deficiency judgment, even though the Bank's disposition of the collateral otherwise complied with the requirements of § 1309.47(C) *Columbus Motor Car Company v. Textile Tech, Inc.,* 68 Ohio Misc. 25, 428 N.E.2d 882, 22 O.O.3d 354, 359 (Franklin Co. M.C. 1981 *Citing, Liberty Nat'l Bank of Fremont v. Greiner,* 62 O.App.2d 125, 405 N.E.2d 317, 16 O.O.3d 291, 296 (1978) Compliance with the notice requirement of § 1309.47(C) is a condition precedent to recovery of a deficiency judgment. *Id.* Since the Bank in the instant case failed to provide reasonable notification of the sale as required by § 1309.47(C), the Bank is denied the right to collect a deficiency judgment.

For the above-stated reasons, the objection of the debtor, Nancy Britt, is hereby GRANTED. The foregoing shall constitute this Court's Findings of Fact, Opinion and Conclusions of Law.

IT IS SO ORDERED.