**In re Frank S. FLOCA, d/b/a Psychiatric Associates, Christina Floca, Debtors.**

**Bankruptcy No. 89–61033.**

United States Bankruptcy Court,
W.D. Texas,
Waco Division.

April 18, 1991.

James O. Cure, Temple, Tex., for Texas Bank.

John A. Montez, Pakis, Cherry, Beard & Giotes, Inc., Waco, Tex., for Trustee.

## MEMORANDUM OPINION

LARRY E. KELLY, Chief Judge.

The Trustee in this case has filed an objection to the Proof of Claim of Texas Bank & Trust ("Texas Bank"). The parties submitted stipulations to the court along with exhibits and presented oral argument. This is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the following represent the court's Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. Frank S. Floca, individually and d/b/a Psychiatric Associates and his wife, Christina Floca (hereafter collectively "Debtor") filed a voluntary petition in Chapter 7 on or about September 12, 1989. One of the secured creditors listed in the Debtor's schedules was Texas Bank.

2. Texas Bank filed its Proof of Claim on or about October 1, 1989. It also filed a Motion to Lift Stay with respect to its collateral. An agreed order granting the Bank's motion was signed on December 4, 1989. That order was signed off by the Debtor, the Bank's attorney and the Trustee.

3. Texas Bank's Proof of Claim asserted the following in pertinent part:

   (a) The Debtors owed $96,731.80 plus interest from September 27, 1989.

   (b) The consideration for the debt was evidenced by certain promissory notes:

(1) Promissory note dated July 10, 1989 in the original principal balance of $2,484.77 (current balance $1,336.30);

(2) Promissory note dated June 1, 1989 in the original principal balance of $79,924.91 (current balance $81,124.80);

(3) Promissory note dated March 24, 1989 in the original principal balance of $5,042.18 (current balance $3,781.10); and

(4) Promissory note dated January 13, 1988 in the original principal balance of $20,000.00 (current balance $10,489.60).

(c) A security interest was claimed by Texas Bank in collateral consisting of 1987 Volvo; all inventory, furniture, fixtures, computer equipment and accounts receivable now owned or hereafter acquired and the proceeds thereof; all furniture, fixture, equipment and inventory and any increase thereof wherever located.

4. The Proof of Claim was asserted to be fully secured with Texas Bank being entitled to interest.[1] Copies of the promissory notes, related security agreements and documents evidencing perfection were attached to Texas Bank's Proof of Claim.

5. The agreed order granting Texas Bank relief from the automatic stay found that the amount of the claim was in excess of the value of the bank's collateral and ordered in pertinent part as follows:

"Accordingly, it is ordered, adjudged and decreed as follows:

1. Stanley W. Wright, Trustee, Frank S. Floca and Christina P. Floca, Debtors, are hereby ordered and directed to surrender to movant the property in which movant holds a security interest more particularly described as follows: all computer equipment, all inventory, furniture, fixtures, equipment, accounts receivable, and a 1987 Volvo automobile . . .

2. Movant is granted relief in the automatic stay provided by § 362(a) of the Bankruptcy Code and may enforce its lien against said property."

6. After the agreed order for relief was entered on the docket, Texas Bank sent a written notice directed to Frank S. Floca and Christina Floca on December 27, 1989. That notice advised the Debtors that the automatic stay in their bankruptcy case had been lifted, that Texas Bank was now in possession of the collateral and that the collateral would be sold ". . . at private sale after 10:00 a.m. on January 11, 1990 at the office of Texas Bank & Trust of Temple, Texas. Effective this same date, all accounts receivable will be billed for their outstanding balances and payable directly to Texas Bank & Trust of Temple, Texas. You will be liable for any deficiency in the event that the funds from liquidation do not satisfy all of your outstanding debt. . . ."

7. The above notice was not sent to the Chapter 7 Trustee for the Debtor's estate.

8. None of the items which were affected by the Bank's security interest were abandoned or exempted during this case. No subsequent report has been submitted to the court by way of amendment to Texas Bank's Proof of Claim.

9. On or about January 3, 1991, the Chapter 7 Trustee objected to Texas Bank's Proof of Claim, asserting that there was insufficient documentation to substantiate the amounts due, or that it was believed the claim had been satisfied by "foreclosure and sale of the collateral." Texas Bank timely responded to the Trustee's objection, stating that all of the documentation was proper, that it had foreclosed its security interest and that only a small portion of the claim had been satisfied. In its letter brief, submitted after the hearing, Texas Bank gave the following additional information relating to the foreclosure:

---

1. 11 U.S.C. § 506(b) provides "to the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose."

"After the dates set for the foreclosure sale, the following collateral was sold and the proceeds applied to the debt:

| | Amount Received |
|---|---|
| 1987 Volvo automobile | $ 9,500.00 |
| Equipment | 867.00 |
| Accounts Receivable collected | 12,483.95 |
| Total realized from collateral | $22,850.95 |

In addition, the bank collected $20,-000.00 from the Debtors in accordance with the Court approved settlement of Adversary Proceedings Objecting to the Dischargeability of this Debt and to the Debtors Discharge."

*The bank therefore is asserting a deficiency claim against this estate in the amount of $53,880.85.*

## ISSUE PRESENTED

The question presented before the court is whether Texas Bank & Trust was required to give notice to the Chapter 7 Trustee under Texas Business and Commerce Code § 9.504(c) in order to preserve its right to assert a deficiency claim against the estate. This court concludes that Texas Bank was required to give such notice and because it failed to do so, the Trustee's objection to the deficiency claim against this estate should be sustained.

## CONCLUSIONS OF LAW

■ 1. While a creditor may dispose of collateral securing a defaulted debt by private or public sale, every aspect of the disposition must be concluded in a commercially reasonable manner. Tex.Bus. & Com.Code Ann. § 9.504(c) (Tex. U.C.C.) (Vernon Supp.1990).

2. Compliance with § 9.504(c) requires the creditor to provide notice of a sale, subject to certain exceptions.[2]

3. No party contends that the exceptions in Texas Business & Commerce Code § 9.504(c) are applicable to the current issue.

4. Failure to provide proper notice where no post-petition default waiver has been made and where no exception applies will, under Texas law, bar a deficiency suit.[3]

5. Since Texas Bank undisputedly gave notice to its actual account Debtor, Mr. and Mrs. Floca, did it also have to give notice to the Chapter 7 Trustee? To answer this question we must remember certain basic propositions of bankruptcy law. First, the filing of a petition creates an estate comprised of essentially all legal and equitable rights formerly owned by the debtor. 11 U.S.C. § 541. In Chapter 7 cases a Trustee is appointed. 11 U.S.C. § 701, et seq. Some of the duties of the Trustee are to "... collect and reduce to money the property of the estate", 11 U.S.C. § 704(1), ... "be accountable for all property received", 11 U.S.C. § 704(2), and ... "if a purpose would be served, examines proofs of claim and object to any allowance of any claim that is improper." 11 U.S.C. § 704(5). Also, once a case is commenced, the Trustee is the entity authorized to buy, sell, use or lease property of the estate. 11 U.S.C. § 363. Further, the Trustee is empowered to obtain credit, 11 U.S.C. § 364, and to assume or reject executory contracts or unexpired leases, 11 U.S.C. § 365.

6. Is the Trustee a "debtor" within the intendment of Texas Business and Com-

---

**2.** Tex.Bus. & Com.Code § 9.504(c) in pertinent part provides "Disposition of the collateral may be by public or private proceedings and may be made by one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable.... [R]easonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale...."

**3.** See *Tanenbaum v. Economics Laboratory, Inc.,* 628 S.W.2d 769, 772 (Tex.1982) ("[I]n order for a creditor in a secured transaction to sue for a deficiency after disposition of collateral in a commercially reasonable manner, he must first comply with those provisions of Section 9.504 which require giving notice to the debtor."); see also, *Whirlybirds Leasing Co. v. Aerospatiale Helicopter Corp.,* 749 S.W.2d 915 (Tex.Civ.App.—Dallas 1988, no writ).

merce Code § 9.504(c)? The language of the Code throws considerable light on this issue. Section 9.105(a)(4) states

"In this chapter unless the context otherwise requires: (4) 'debtor' means the person who owes payment or other performance of the obligation secured, whether or not he owns or has rights in the collateral, and includes the seller of accounts or chattel paper. Where the debtor and the owner of the collateral are not the same person, the term 'debtor' means the owner of the collateral in any provision of the chapter dealing with the collateral, the obligor in any provision dealing with the obligation, and may include both where the context so requires[.]"

7. Also Texas Business & Commerce Code § 1.103 provides:

"Unless displaced by the particular provisions of this title, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, *bankruptcy*, or other validating or invalidating cause shall supplement its provisions." (emphasis added).

█ 8. The purpose of notice is to allow the debtor to bid on the collateral or otherwise insure a commercially reasonable sale. *Federal Deposit Insurance Corp. v. Lanier*, 926 F.2d 462, 464 (5th Cir.1991); also *Deposit Insurance Corp. v. Blanton*, 918 F.2d 524, 527 (5th Cir.1990) (citing *Beltran v. Groos Bank N.A.*, 755 S.W.2d 944, 947 (Tex.Civ.App.—San Antonio 1988, no writ)).

9. The trustee by operation of law is the holder of title to the estate's property and is the "debtor" under the definition of § 9.105(a)(4). After appointment to administer a case, the trustee has the duty to collect and reduce to money the property of the estate and, as previously noted, to account for such property, to pay legitimate and allowed claims, and to object to claims if the purpose would be served.

10. Estate assets are clearly in custodia eligis of the trustee. The requirement of notice in Texas Business & Commerce Code § 9.504(c) is particularly relevant because a trustee has strict mandatory duties for which he and the surety on his bond are exposed to liability if his duties are not properly performed.

11. This court concludes that the Chapter 7 estate, represented by its trustee, is a "debtor" to whom notice must be sent in order to comply with Texas Business & Commerce Code § 9.504(c). *See also, In re Frye*, 9 U.C.C. Rep. Serv. (Callaghan), 913, 921 (S.D.Ohio 1970) ("In conclusion, the trustee in bankruptcy is entitled to notice of the whereabouts of any asset in the estate seized while in custodia eligis; and the trustee is entitled as debtor to reasonable notification of any intended disposition."); *In re Buttram*, 2 B.R. 92, 96 (Bankr.N.D.Okla.1979) ("The trustee who is by definition a 'debtor' was a party to be noticed under § 9–504(3) and this was not done. The post-bankruptcy notice given solely to the bankrupt is not sufficient to meet notice requirements."); and *In re Reed*, 102 B.R. 243, 246 (Bankr.E.D.Okla. 1989). (After reviewing a post-petition sale and the Oklahoma version of U.C.C. § 9.504(c), the court stated that "[i]n a case of a bankruptcy, the Trustee must be notified of a pending sale of estate property.").

## CONCLUSION

A Chapter 7 trustee is a "debtor" within the intendment of Texas Business & Commerce Code § 9.504(c). Here no exception to notice is shown and there was no post-default waiver of notice by the Trustee. Texas Bank seeks to recover payment from the estate, but the estate was not given notice as required by law. Therefore, Texas Bank's failure to give proper notice is fatal to its assertion to a deficiency claim against this bankruptcy estate. The trustee's objection will be sustained by separate order of the court.