In re Calvin ANGEL, Debtor.

Nora JONES, Trustee, Plaintiff,

v.

STAR BANK, SOUTH CENTRAL OHIO, Defendant.

Bankruptcy No. 2–88–06487.
Adv. No. 2–91–0019.

United States Bankruptcy Court, S.D. Ohio, E.D.

Jan. 29, 1992.

Steven M. Willard, Robert E. Dever, Portsmouth, Ohio, for defendant.

Nora E. Jones, Susan K. Cliffel, Columbus, Ohio, for plaintiff.

David C. Lasky, Columbus, Ohio, for debtor.

Charles M. Caldwell, Columbus, Ohio, Office of the U.S. Trustee.

## OPINION AND ORDER SUSTAINING MOTION FOR SUMMARY JUDGMENT

BARBARA J. SELLERS, Bankruptcy Judge.

### I. *Introduction And Jurisdiction*

This matter is before the Court upon a Motion for Summary Judgment filed by the plaintiff who is the duly-appointed trustee of the Chapter 7 estate of debtor Calvin Angel ("Trustee"). The action seeks a recovery of damages under Ohio Revised Code Section 1309.50(A) against Star Bank, South Central Ohio ("Star Bank").

The Court has jurisdiction in this proceeding under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding which the Court has the authority to hear and determine pursuant to 28 U.S.C. § 157(b).

The following constitute findings of fact and conclusions of law. For the reasons set forth herein, summary judgment will be granted in favor of the Trustee and the remedial provisions of Ohio Rev.Code § 1309.50(A) will be enforced against Star Bank.

### II. *Factual Background*

The uncontested facts are as follows:

On December 19, 1988, Calvin Angel ("Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code. The petition and schedules showed Star Bank as a creditor which had security interests in several vehicles and certain equipment belonging to the Debtor. In late December, Star Bank filed a notice which proposed that the Trustee abandon the vehicles and equipment.

The Trustee objected to the notice of proposed abandonment and on April 20, 1989, Star Bank withdrew that request. Concurrently, the parties agreed, and the Court approved by order, that Star Bank should be granted relief from the automat-

ic stay imposed by 11 U.S.C. § 362. Pursuant to that agreed order, Star Bank was permitted to repossess and sell the vehicles and the equipment in accordance with the provisions of Ohio Revised Code Chapter 1309. No formal abandonment was ever entered.

On April 22, 1989, Star Bank sold the vehicles which are at issue in this adversary. No specific notice was provided to the Trustee of the time and place of that sale.

### III. *Arguments of the Parties*

The Trustee argues that she is entitled to judgment as a matter of law because Star Bank failed to give her, as the party holding legal interest in the vehicles, the statutory notice of the sale required by Ohio law. For such notice she relies upon Ohio Rev.Code § 1309.47(C) which provides in part:

> Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or any other intended disposition is to be made shall be sent by the secured party to the debtor if he has not signed a statement renouncing or modifying his right to notification of the sale.

Because the filing of the bankruptcy petition created an estate comprised of all legal and equitable rights held by the Debtor, the Trustee asserts that she is the holder of title to the estate's property and is the "debtor" within the meaning of Ohio Rev.Code § 1309.01(A)(4). As such, the Trustee is the party who must be notified with respect to the time and place of the sale.

The Trustee also argues that no genuine issue of material fact exists with regard to the security interests, the sale and the lack of notice. She maintains that she never renounced her rights to notification and is, therefore, entitled to judgment and recovery under Ohio Rev.Code § 1309.50. That recovery is measured by "an amount not less than the credit service charge plus ten percent of the principal amount of the debt" where the property in question is "consumer goods." Ohio Rev.Code § 1309.50.

Star Bank opposes the Trustee's motion. Because the Trustee's objection to Star Bank's proposed abandonment of the vehicles and equipment specifically singled out only other vehicles and the equipment, Star Bank contends that the Trustee waived whatever interest she had in the vehicles for which recovery is sought. According to Star Bank, such waiver relieved it of any obligation to notify the Trustee of the date and time of the sale. Additionally, Star Bank questions any characterization of these particular vehicles as "consumer goods" and claims there is a genuine issue as to whether the vehicles in question were used by the Debtor primarily for personal, family or household purposes.

### IV. *Issues Presented*

1. Whether Star Bank has established the existence of genuine issues of material fact;

2. Whether the Trustee is a proper party to receive notice under the applicable provisions of Ohio Rev.Code and

3. The amount of damages.

### V. *Discussion and Conclusions of Law*

#### A. Legal Standard for Motion for Summary Judgment

The Court should grant summary judgment to the movant "if the pleadings, depositions, answers to interrogatives and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c), made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7056.

Recent case law expands the use of summary judgment as a procedural device by ruling that the "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine*

issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986) (emphasis in original opinion). *See, also, Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The Court of Appeals for the Sixth Circuit has concluded that the above three decisions avoid the emasculation of summary judgment as an effective procedural device and effectuate a return to the tool's original purpose. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1476 (6th Cir.1989).

The party seeking summary judgment bears the initial burden of asserting that the pleadings, depositions, answers to interrogatories, admissions, and affidavits establish the absence of a genuine issue of material fact. *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. at 2553; *Street,* 886 F.2d at 1479. However, the ultimate burden of demonstrating the existence of a genuine issue of material fact lies with the nonmoving party. *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. at 2553. *See, also, First Nat'l Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968). The Supreme Court held:

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there exists some metaphysical doubt as to the material facts.... In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial."* Fed.Rule Civ.Proc. 56(e) (emphasis added).... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is "no genuine issue for trial."

*Matsushita Elec.,* 475 U.S. at 586–87, 106 S.Ct. at 1356 (citations and footnotes omitted). Therefore, a motion for summary judgment may be granted where the evidence presented by the nonmoving party is merely colorable, *Liberty Lobby,* 477 U.S. at 249, 106 S.Ct. at 2511 citing *Dombrowski v. Eastland,* 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967) or is not significantly probative. *Liberty Lobby,* 477 U.S. at 249, 106 S.Ct. at 2511 citing *Cities Service,* 391 U.S. at 290, 88 S.Ct. at 1592. The nonmoving party must show a genuine disputed fact and not merely a "scintilla of evidence" in support of her position. *Id.* 477 U.S. at 251, 106 S.Ct. at 2512.

### B. Application of the Standard to This Proceeding

#### 1. *Factual Disputes*

■ It is Star Bank's argument that summary judgment should not lie since genuine issues of material fact exist with respect to the characterization of the property as consumer goods and with respect to the Trustee's intention to retain an interest in the vehicles. The standards for summary judgment discussed above suggest that the evidence presented must be sufficient to enable a reasonable jury to return a verdict for the nonmoving party in order for a summary judgment to be deemed improper. *Liberty Lobby,* 477 U.S. at 249, 106 S.Ct. at 2511, citing *Cities Service,* 391 U.S. at 288–289, 88 S.Ct. at 1592–1593. The evidence must be probative in evidentiary value, qualitatively more than colorable, and quantitatively more than a mere scintilla.

#### a. Characterization of the Goods as Consumer Goods

■ With respect to Star Bank's concern over the characterization of the vehicles as consumer goods, the Debtor has supplied a sworn affidavit that these particular vehicles were used primarily for personal, family, and household purposes. Two of the vehicles were apparently used by a former spouse and a son. Star Bank has not refuted that affidavit with anything more than bare allegations. Nothing in the Debtor's financial statement supplied by Star Bank points with particularity to these vehicles as the ones the Debtor listed as business vehicles on that financial statement. Therefore, the Court concludes that insufficient probative evidence exists to allow a trier of fact to rule in Star Bank's favor on this issue.

#### b. The Trustee's Intention to Retain an Interest in the Property

Although Star Bank asserts that a colorable issue has arisen regarding the Trustee's interest in the property, the Court finds that Star Bank misunderstands the difference in effect between an abandonment and relief from the automatic stay.

When the Debtor filed his Chapter 7 petition title to his vehicles transferred to the estate by operation of law. 11 U.S.C. § 541. Although Star Bank attempted to effectuate an abandonment of that property, it withdrew its Notice of Proposed Abandonment as to these vehicles and never subsequently obtained any abandonment. Thus, the vehicles remained property of the estate and the Trustee possessed all interests of the Debtor for the benefit of the estate. Relief from stay did not effectuate an abandonment. Therefore, no genuine issue of material fact exists about the nature of the Trustee's interest. In a bankruptcy context, only abandonment constitutes a waiver of a trustee's interest. Case law further suggests that actual knowledge of a secured party's intent to sell does not constitute a waiver of the right to the statutory notice of that sale. *In re Britt*, 78 B.R. 514 (Bankr. S.D.Ohio 1987). Accordingly, as a matter of fact and law, there was no waiver of the estate's interest or the right to notice.

#### 2. *The Trustee as a Party Entitled to Notice Under the Statute*

The only question remaining is whether the Trustee, as representative of the estate, is a proper party who must be notified under Ohio law. If the Trustee is such a party, Ohio Rev.Code §§ 1309.47 and 1309.50 would operate to grant judgment to the Trustee as a matter of law.

Section 1309.47 of the Ohio Rev. Code suggests that unless collateral is perishable or threatens to decline speedily in value or is of the type customarily sold on a recognized market, reasonable prior notification of the time and place of any public sale must be given to the "debtor." In the situation where the debtor and the owner of collateral are not the same person, the term "debtor" has been defined as the *owner of collateral*. Ohio Rev.Code § 1309.01(A)(4). One basic proposition of bankruptcy law is that the filing of a petition creates an estate comprised of essentially all legal and equitable rights of the debtor. 11 U.S.C. § 541. Functionally, an appointed trustee serves as the administrator of the estate and represents the estate as owner of the debtor's property. Thus, a trustee in a Chapter 7 case is a "debtor" within the meaning of Uniform Commercial Code section 9–504 enacted in Ohio as Ohio Rev.Code § 1309.47 *In re Floca*, 126 B.R. 274 (Bankr.W.D.Tex.1991); *In re Frye*, 9 U.C.C.Rep.Ser. 913, 918–19 (S.D.Ohio 1970); *In re Reed*, 102 B.R. 243, 246 (Bankr. E.D.Okla.1989); *The First National Bank and Trust Company of Tulsa v. Hutchins (In re Buttram)*, 2 B.R. 92, 96 (Bankr. N.D.Okla.1979).

The property sold by Star Bank consists of three used vehicles once used by the Debtor and his family for personal purposes. Such collateral is not within any of the statutory exceptions to notice based upon the collateral type. Thus, Star Bank, as a secured party, was required to notify the "debtor" of the time and place of the public sale. The Trustee was the "debtor" entitled to such notice and such notice was not given. Therefore, the Trustee is entitled to recover under the statute.

#### 3. *Calculation of Damages*

The Court has found that no material issues of fact exist in this adversary proceeding. The Court has further found that the vehicles sold by Star Bank were consumer goods under Ohio law, that the Trustee never abandoned her interest in such vehicles and that the Trustee is, therefore, the party entitled to notice pursuant to Ohio Rev.Code § 1309.47. The required notice was not given. Therefore, the Trustee is entitled to the remedies for such violations set forth in Ohio Rev.Code § 1309.50. Those damages are calculated as an amount not less than the credit service charge plus ten percent of the principal amount of the debt or the time price

differential plus ten percent of the cash price. Calculations of those sums were set out by the Trustee and were not contested by Star Bank. Therefore, the Trustee is entitled to damages as follows:

| | | | |
|---|---|---|---|
| (1) | Buick Regal | Credit Service Charge | $4,022.37 |
| | | 10% of principal amount of debt ($14,238.75) | 1,423.88 |
| | | | $5,446.25 |
| (2) | Pontiac Fiero | Credit Service Charge | $2,693.84 |
| | | 10% of principal amount of debt ($12,238.00) | 1,223.80 |
| | | | $3,927.64 |
| (3) | Pontiac Grand Prix | Credit Service Charge | $1,559.27 |
| | | 10% of principal amount of Debt ($9,451.00) | 945.10 |
| | | | $2,504.37 |

### VI. *Conclusion*

Based upon the foregoing, the Trustee is entitled to summary judgment on her motion and to damages in the amount of $11,868.26, plus interest under the statute. The Court finds further that Star Bank is not entitled to file a claim against the estate for any deficiency judgments arising from the sale of the vehicles at issue in this motion.

It is further ordered that trial of the Trustee's second count is set for 9:30 a.m. on April 21, 1992. Because it is clear to the Court that Star Bank acted under a misapprehension of the law, an award of punitive damages is unlikely.

IT IS SO ORDERED.